UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

WILLIAM COX,                          )
                                      )
                     Plaintiff        )
                                      )
          vs.                         )     CAUSE NO. 2:13-CV-81 RLM
                                      )
ARCELLOR MITTAL, GERALD               )
COOK, JOSEPH MEDELLIN,                )
and MARY LYNN GARGAS-SOUTH,           )
                                      )
                     Defendants       )

## OPINION and ORDER

With this case more than twenty months old, plaintiff William Cox has yet to appear for his deposition. The deposition was first scheduled — finally scheduled, according to the exasperation evident in defense counsel's letter confirming agreement on the date — on May 22 of this year, nine days short of the discovery deadline. Mr. Cox's deposition was to kick off discovery because the parties had agreed that the depositions of the individual defendants wouldn't be held until after Mr. Cox's deposition. Days before the scheduled May 22 deposition, Mr. Cox announced that after two years of unemployment since leaving defendant Arcellor Mittal, he had gotten a job between Ann Arbor and Detroit, Michigan, and had to leave the northwest Indiana area immediately. The May 22 deposition was cancelled.

Magistrate Judge Cherry extended the discovery deadline to August 29, but only for the depositions of Mr. Cox and the individual defendants. Rescheduling Mr. Cox's deposition proved more difficult than one ordinarily would expect because his job schedule in Michigan is such that he would only agree to sit for his deposition on Fridays (only twelve Fridays were available between the June 11 extension of discovery and the new August 29 deadline for completing discovery). The deposition was reset for July 11. At 1:00 a.m. that day, Mr. Cox notified his attorney that he had suffered a flat tire on his drive from southeastern Michigan to northwest Indiana and wouldn't be able to make it. Mr. Cox later sent along paperwork confirming the purchase of a new tire. The deposition was cancelled with minimal notice to the court reporter.

The attorneys rescheduled the deposition for August 22, one week ahead of the adjusted discovery deadline. This time, the attorneys all appeared for the deposition with the court reporter. None could account for Mr. Cox's absence. That evening, Mr. Cox called his attorney and told her that he was severely ill with respiratory problems and had taken some medication that left him unable to call. A few days later, he produced a doctor's note reporting that Mr. Cox had told a doctor the same thing.

The discovery deadline passed quietly as Mr. Cox and his attorney decided whether a voluntary dismissal was in order. They decided to proceed and, on October 6, filed a motion to reopen discovery to allow the parties' depositions to be taken. The defendants objected to the general reopening of discovery and moved to dismiss the case for the plaintiff's failure to cooperate in discovery. The court heard argument on the motion on November 18.

Courts can't operate without setting and enforcing deadlines. <u>Gross v. Cicero, Illinois</u>, 528 F.3d 498, 499-500 (7th Cir. 2008). Rule 16(b) provides that a discovery deadline can't be modified without a showing of good cause, but a higher standard applies in this case because Mr. Cox didn't file this motion until after discovery closed: a party seeking to re-open discovery must show excusable neglect for failiting to complete discovery within the time allotted. <u>Brosted v. Unum Life Ins. Co. of America</u>, 421 F.3d 459, 464 (7th Cir. 2005). Mr. Cox hasn't made such a showing. At best, he has shown excusable neglect for failing to appear on July 11 and August 22. But Magistrate Judge Cherry provided 87 days for the parties to take the depositions of Mr. Cox and the other parties; that came after the expiration of the 228 days afforded in the original scheduling order. Mr. Cox hasn't made the showing necessary for the court to re-open discovery.

Neither is dismissal proper. Mr. Cox has frustrated discovery, but he hasn't refused to participate; indeed, his motion to re-open discovery seems to have been designed primarily to allow the defendants to take his deposition. Although he appears to have impeded his deposition, Mr. Cox hasn't refused to attend or to answer questions. "Time limits set by judges, unlike those in statutes, often can be extended . . . . When judges can decide whether to be strict or lenient, it is important to match the sanction to the offense." Gross v. Cicero, 528 F.3d at 500. "The sanction of dismissal must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." Maynard v. Nygren, 372 F.3d 890, 892-893 (7th Cir. 2004). We haven't reached that point.

Based on the foregoing, the court DENIES the plaintiff's motion to reopen discovery [docket # 39], DENIES the defendants' motion to dismiss [docket # 40], and, instead of dismissing the case, ORDERS as follows:

1. Mr. Cox shall make himself available for his deposition at such time and date as the attorneys find convenient, but in no event more than fourteen days from the date of this order. *Failure to comply will result in dismissal of the case under Federal Rules of Civil Procedure 41(b) and 37(b)(2).*

2. Also within fourteen days of the date of this order, the defendants shall file with the court a statement of expenses incurred (including attorney fees for attendance) with respect to the attempted depositions on May 22, July 11, and August 22, 2014.

3. The plaintiff shall have fourteen days from the date of that filing to show cause why the court should not order Mr. Cox to reimburse the defendants for those expenses pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(i).

SO ORDERED.

ENTERED:   November 19, 2014

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Judge
United States District Court