UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIAM COX, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 2:13-CV-81 RLM |
| ) | |
| ARCELLOR MITTAL, et al., ) | |
| ) | |
| Defendants ) | |

OPINION and ORDER

A hearing was held in this action on November 18, 2014 on the plaintiff's motion to reopen discovery and the defendants' motion to dismiss the complaint based on Mr. Cox's many delays in participating in the discovery process and his failure to appear for his deposition on three separate occasions. On November 19, the court entered an order denying Mr. Cox's request to reopen discovery, concluding that Mr. Cox hadn't shown excusable neglect for failing to complete discovery within the time allotted, and denying the defendants' motion to dismiss. Instead, the court ordered that Mr. Cox make himself available for his deposition "at such time and date as the attorneys find convenient, but in no event more than fourteen days from the date of [the] order." Op. and Ord. (Nov. 19, 2014), at 4.

The defendants are again before the court asking that this case be dismissed pursuant to Federal Rules of Civil Procedure 41(b), 37(b)(2), and 37(d)

based on Mr. Cox's continued failure to comply with court orders, specifically noting Mr. Cox's non-compliance with the court's November 19 order that he appear for his deposition. The defendants report that their counsel tried to schedule Mr. Cox's deposition by emailing and telephoning plaintiff's counsel on November 21 and 24, but got no response to either inquiry. The defendants conclude that "[a]fter almost two years of litigation, more than 315 days of discovery, and three canceled depositions, plaintiff has still not appeared for his deposition. Therefore, plaintiff's complaint should be dismissed." Mot., at 1.

Mr. Cox says in response that his counsel didn't receive an e-mail or a telephone call from defense counsel and didn't receive the court's November 19 Opinion and Order until December 3, 2014. According to Mr. Cox, his counsel's office "was partially closed November 19-20 and fully closed November 21, 2014 due to a large fundraising event. Apparently on November 21, 2014, defense counsel had attempted to contact [plaintiff's] counsel by email, but, again, the office was closed and email was not accessible." Resp., at 1 n.1. Mr. Cox says defense counsel should have issued a notice of deposition had the defendants "truly wished to take [his] deposition." Resp., at 3. He suggests, too, that defense counsel should have faxed or mailed correspondence, called his counsel's cell phone, and/or had defense counsels' staff contact his counsel's staff to schedule the deposition rather than attempting to contact his counsel directly.

Mr. Cox says he tried to comply with the court's order but defense counsel rejected his December 3 offer to make himself available for his deposition on December 4 (which would have been within the fourteen day period), December 5, or on another date. According to Mr. Cox, defense counsel "waited until the 11th hour to contact [his] counsel directly and then refused to conduct the deposition within the 14 day period – essentially hoping that [he] would 'fail'." Resp., at 3. Mr. Cox maintains his case shouldn't be dismissed because he tried to schedule his deposition as the court ordered; he asks that he be permitted to appear at a deposition "as coordinated by [a] deposition notice, to be scheduled by defense counsel within an allotted time frame." Resp., at 4.

Sanctions Under Rule 37

An award of sanctions under Rule 37 for failure to cooperate in discovery or appear at a deposition requires a finding that the offending party's actions "displayed willfulness, bad faith, or fault." Collins v. Illinois, 554 F.3d 693, 696 (7th Cir. 2009). "'Bad faith' . . . is characterized by conduct which is either intentional or in reckless disregard of a party's obligations to comply with a court order. 'Fault,' by contrast, doesn't speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct – or lack thereof – which eventually culminated in the violation." Marrocco v. General

Motors Corp., 966 F.2d 220, 224 (7th Cir. 1992). Rule 37 sanctions may include dismissal of the action. *See* Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 37(d)(3).

The record in this case shows the following:

– the court issued orders to show cause on July 19 and July 23, 2013 for Mr. Cox's failure to serve the individual defendants pursuant to Federal Rule of Civil Procedure 4(m). Mr. Cox didn't respond to the show cause orders, so the court dismissed his claims against the individual defendants on August 21, 2013. The next day, Mr. Cox filed a motion to vacate the dismissal and reinstate his claims against those defendants, explaining that his counsel "inadvertently" failed to file the proof of service forms before the court's dismissal of those defendants.

– at the October 24, 2013 preliminary pretrial conference, the parties agreed that all discovery would be completed by May 30, 2014. A week after the close of discovery, Mr. Cox requested that the discovery deadline be extended to August 29, which the court granted for the sole purpose of taking Mr. Cox's deposition; included the court's order was a warning that further requests to extend the discovery deadline would be "viewed with disfavor."

– six weeks after the August 29 discovery deadline passed, Mr. Cox filed a motion asking that discovery be reopened and the deadline be extended again to permit the parties to take Mr. Cox's deposition. Hearing

4

on that motion was held on November 18, and the court's order denying the motion and directing that Mr. Cox's deposition take place within fourteen days was issued on November 19.

The defendants report that, to date, Mr. Cox has conducted no discovery, his responses to their written discovery were submitted five months late, and his initial disclosures were served on their counsel a week after the close of discovery. Mr. Cox hasn't challenged the defendants' statements in this regard.

Missing one deadline "fails to rise to the level of long-standing or contumacious conduct warranting dismissal," Kruger v. Apfel, 214 F.3d 784, 787 (7th Cir. 2000), but the record of this action shows that in the almost two years the case has been pending, Mr. Cox hasn't undertaken any discovery, cooperated with the defense in their attempts to conduct discovery, or taken any other action to prosecute his case. And while the court doesn't believe any bad faith has been shown on the part of Mr. Cox or his counsel, Mr. Cox's continued delays and lack of interest in pursuing his claims against the defendants supports a finding of willfulness or fault on his part that warrants dismissal under Federal Rule of Civil Procedure 37(b)(2)(A).

Sanctions Under Rule 41

Dismissal for want of prosecution under Rule 41(b) requires "a clear record of delay or contumacious conduct, or where other less drastic sanctions have

proven unavailing. The appropriateness of this measure depends on all the circumstances of the case." Kasalo v. Harris & Harris, Ltd., 656 F.3d 557, 561 (7th Cir. 2011) (internal quotation and citation omitted). Factors for the court to consider include "the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff [himself] or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents." Kasalo v. Harris & Harris, Ltd., 656 F.3d 557, 561 (7th Cir. 2011).

*Frequency of Non-Compliance and Responsibility for Actions*

The discussion of Mr. Cox's non-compliance with discovery deadlines didn't include the additional consideration of his failure to appear for his deposition on three different occasions — conduct that is attributable to Mr. Cox personally. Nor did that discussion include consideration of Mr. Cox's failure to comply with the court's most recent order that he "make himself available for his deposition at such time and place as the attorneys find convenient, but in no event more than fourteen days from [November 19, 2014]." Op. and Ord. (Nov. 19), at 4. Mr. Cox's counsel has explained that her office was partially closed on the day the court's order was issued and fully closed during the time defense counsel was attempting to contact her to schedule the deposition, so she received none of those

communications. Counsel hasn't stated that she made any attempt to keep current on the case via the court's electronic docketing system or contact defense counsel to ascertain the status of the pending motions. This conduct might be more attributable to plaintiff's counsel than to Mr. Cox personally, but "the client must be held accountable for the acts and omissions of his attorney." <u>Medrad, Inc. v. Sprite Development, Inc.</u>, No. 08 CV 5088, 2012 WL 1520706, at *3 (N.D. Ill. Apr. 30, 2012).

Mr. Cox says his case shouldn't be dismissed because he tried to comply with the court's order. The court can't agree. The defendants report that on "December 3, 2014, at approximately 5 p.m. Central/6 p.m. Eastern, plaintiff's counsel offered to hold plaintiff's deposition the following morning (the final day for plaintiff to appear under the court's order), or on the next day (which was beyond the time in which plaintiff was ordered to appear). Defense counsel responded immediately thereafter that it was not feasible, reasonable or mutually agreeable to conduct plaintiff's deposition on such extremely short notice." Mot., at 5. Mr. Cox faults the defendants for not agreeing to proceed with his deposition on December 4 or soon thereafter – he claims defense counsel should have been able to take the deposition on short notice because counsel had prepared for the deposition on three previous occasions; he also says that if named counsel wasn't available on December 4 or 5, other attorneys employed by the law firm in which defense counsel practices might have attended in his stead.

By the time Mr. Cox made his "tomorrow morning" offer, he had been a no show in response to three separate notices of deposition, and had moseyed through two prior deadlines, plus thirteen of fourteen days of the latest deadline, for the taking of his deposition. Whatever fault might be allocated under these circumstances doesn't go to the defense.

*Merits of Plaintiff's Case, Prejudice to Defendants, Effects on Court Calendar*

The court can't assess the merits of Mr. Cox's claims because little or no discovery has taken place. More importantly, the defendants report that they have been prejudiced – they've been unable to evaluate the merits of Mr. Cox's claims and prepare their defenses because of Mr. Cox's continued dilatory conduct. The court's June 11, 2014 order warned Mr. Cox that any further requests to extend the discovery deadline would be "viewed with disfavor," and the court's November 19, 2014 order told him that "[f]ailure to comply will result in dismissal of this case under Federal Rules of Civil Procedure 41(b) and 37(b)(2)." Op. and Ord. (Nov. 19), at 4. "District courts have the power to control their dockets, and there comes a point when disregard of court rules and orders becomes so serious that sanctions, including dismissing a case sua sponte, are in order." Alexander v. Casino Queen, Inc., 321 Fed. Appx. 509, 511, 2009 WL 899776, at *2 (7th Cir. Apr. 1, 2009); *see also* Tango Music, LLC v. DeadQuick Music, Inc., 348 F.3d 244, 247 (7th Cir. 2003) (concluding that "the judge acted properly in dismissing the

suit for failure to prosecute after clearly warning the plaintiff's counsel that a further neglect of deadlines would lead to that result").

*Consequences of Dismissal on Social Objectives of the Litigation*

The consequences of dismissal on the social objections of this litigation – an employment discrimination case – were best summarized by the court in <u>Allen v. Interstate Brands</u>, 186 F.R.D. 512 (S.D. Ind. 1999):

> [A]ll cases have some social objectives. When a case is filed, one party is seeking to be compensated for a wrong committed against them, to stop a civil wrong from continuing, or to punish or to deter the wrong doer's actions. These factors create the social objectives of an underlying lawsuit. That is why dismissal is such a harsh remedy. However, not utilizing this sanction is even more harsh on a defendant when a situation arises that merits the sanction. The court may be left without recourse if it could not use dismissal as a prophylactic device to guard against the indifferent attitude an attorney has with respect to discovery and court orders, regardless of the merits and social objectives of the claim.

186 F.R.D. at 523.

Mr. Cox's clear record of delay, his non-compliance with discovery deadlines, and his failure to cooperate with efforts to schedule his deposition warrant dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

*Request for fees and expenses*

The defendants have also requested that they be awarded reasonable expenses and attorney's fees for Mr. Cox's failure to appear at the three attempted depositions (May 22, July 11, and August 22, 2014). Federal Rule of Civil Procedure 37(d)(3) provides that in cases such as this where the court finds that a party's conduct to be sanctionable, the court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." In accordance with the November 19 Opinion and Order, the defendants submitted their request for reimbursement for expenses and fees in the total amount of $1,066.32. No objection to that request was filed, and the time for doing so has passed.

Mr. Cox bears the responsibility for his actions – he received notice of each of the scheduled depositions, but didn't appear. Even recognizing that he secured a new job, had a flat tire, and submitted a doctor's note indicating that he (Mr. Cox) told a doctor that he had been ill, the court concludes that Mr. Cox's continued failure to appear, or provide timely notice of his inability to appear, at three depositions justifies awarding expenses and fees to the defendants. The defendants' request is reasonable and the court will hold Mr. Cox responsible for expenses in the amount of $1,066.32.

## Conclusion

Based on the foregoing, the court

    (a) GRANTS the defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 37(b), 37(d), and 41(b) [docket # 47];

    (b) GRANTS the defendants' motion for sanctions [docket # 46] and ORDERS, pursuant to Federal Rule of Civil Procedure 37(d), that Mr. Cox reimburse the defendants for their expenses and fees in the sum of $1,066.32 [docket # 46];

    (c) DENIES as moot the defendants' motion for stay of scheduling deadlines [docket # 49];

    (d) VACATES the pretrial conference set for May 18, 2015 and the trial date of June 1, 2015; and

    (e) ORDERS this action DISMISSED with prejudice.

This dismissal "operates as an adjudication on the merits" as the Federal Rule of Civil Procedure 41(b) provides and is a final judgment, subject to immediate appeal by both parties.

    SO ORDERED.

    ENTERED:   January 22, 2015

                                 /s/ Robert L. Miller, Jr.
                                 Judge, United States District Court